NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000554
07-JUN-2017
08:13 AM

NO. CAAP-16-0000554

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL HOFFMAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-12-05252)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Michael Hoffman (Hoffman) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 12, 2016, in the District Court of the First Circuit, 'Ewa Division (District Court).[1] The District Court dismissed without prejudice a Complaint by Plaintiff-Appellee State of Hawai'i (State), alleging that Hoffman committed one count of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2016), after approving the parties' stipulation that Hoffman's right to a speedy trial, under Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP), was violated.

Hoffman argues that the District Court erred by dismissing the Complaint without prejudice rather than with prejudice based solely on a finding the offense was "serious" because (1) petty misdemeanors are not "serious" under the federal Speedy Trial Act, as a matter of law; and (2) alternatively, the District Court failed to consider the

---

[1] The Honorable Philip M. Doi presided.

factors set forth in State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981) (Estencion factors), as required. Hoffman asks the court to either reverse the Judgment or vacate the Judgment and remand the case for a determination as to whether to dismiss the charge with or without prejudice after weighing the Estencion factors. The State concedes that the District Court erred by not weighing all of the Estencion factors and urges us to vacate and remand.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hoffman's second point of error as follows.

Notwithstanding the State's concession of Hoffman's second point, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" Hoang, 93 Hawai'i at 336, 3 P.3d at 502 (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted). Upon review we conclude the State's concession is warranted.

Pursuant to Estencion, the District Court, when determining whether to dismiss a charge with or without prejudice, is required to consider (1) "the seriousness of the offense; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice." Id. at 269, 625 P.2d at 1044. See State v. Hern, 133 Hawai'i 59, 60, 323 P.3d 1241, 1242 (App. 2013) (reiterating the requirement that trial courts consider the Estencion factors). Further, pursuant to Hern, 133 Hawai'i at 60-61, 323 P.3d at 1242-1243, the court must "clearly articulate the effect of the Estencion factors and any other factor it considered in rendering

its decision." (Citation, internal quotation marks, and brackets omitted.)

In this case, the "record is inadequate to permit meaningful review" of the District Court's decision to dismiss the charge without prejudice because the only discernible basis for the decision is the District Court's finding that the "case" was "serious." Hern, 133 Hawai'i at 61, 323 P.3d at 1243.

Given this conclusion, we need not address Hoffman's first point of error.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on July 12, 2016, in the District Court of the First Circuit, 'Ewa Division is vacated and the case is remanded with instructions to the District Court to (1) consider the Estencion factors in determining whether to dismiss the OVUII charge with or without prejudice and (2) issue findings that clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

DATED: Honolulu, Hawai'i, June 7, 2017.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge